■ J. Edward McDonough, Respondent, v Bower & Gardner, Appellant. [641 NYS2d 391] —In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), dated February 9, 1994, which, upon an order of the same court, dated October 29, 1993, denying its motion for summary judgment and granting the plaintiff's cross motion for the same relief, is in favor of the plaintiff and against it in the principal amount of $600,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff is a former partner of the defendant law firm who withdrew from the firm and entered into a new partnership with two former partners of the firm. The plaintiff claims that the firm refused to pay him certain money to which he was entitled upon his departure.

The Partnership Agreement which governs this controversy provides that each of the 11 equity partners under a prior partnership agreement was entitled to a Special Distribution Amount. The Partnership Agreement also fixed the Special Distribution Amount for each of the Special Distributees, which in the plaintiff's case was $800,000. In any year in which the firm earned "excess profits", the Special Distributee was entitled to receive a Special Distribution up to a certain maximum annual amount, which in the plaintiff's case was $66,670. Whatever amount was received as a Special Distribution in any such year was then deducted from the Special Distribution Amount, which was in this manner gradually decreased. In the event a Special Distributee, *inter alia,* died or permanently retired from the practice of law, the remaining Special Distribution Amount would be paid in the form of a Special Departure Distribution. However, if the departing Special Distributee voluntarily left the firm or was discharged for cause, he or she would not receive any of the Special Distribution Amount.

The record evinces that the plaintiff's Special Distribution Amount of $800,000, which was fixed at the time of the execution of the Partnership Agreement, was directly referable to the value of the plaintiff's equity in the firm's "accrual capital" under the prior partnership agreement and was conferred in exchange for the surrender of this interest in the "accrual capital" of the partnership under the prior partnership agreement.

In September 1992, the plaintiff commenced this action seeking payment of his Special Departure Distribution Amount, which in light of Special Distributions made during his tenure

had been reduced to $600,000. The firm has denied payment of the Special Departure Distribution on the ground that the plaintiff had not permanently ceased the practice of law after he left the firm. The Supreme Court denied the firm's motion for summary judgment and awarded summary judgment to the plaintiff. In so holding, the court found that the Special Departure Distribution was not a contingent retirement benefit, as claimed by the firm, but rather was a right which vested in the plaintiff at the time the Partnership Agreement was executed. Consequently, the court reasoned, under controlling precedent, enforcement of the provision as suggested by the firm would constitute a restriction on the practice of law in violation of Code of Professional Responsibility DR 2-108 (A) (22 NYCRR 1200.13 [a]) (citing, *Cohen v Lord, Day & Lord,* 75 NY2d 95). A judgment was thereafter entered in accordance with the court's order. We now affirm.

Code of Professional Responsibility DR 2-108 (A) (22 NYCRR 1200.13 [a]) states that "[a] lawyer shall not be a party to or participate in a partnership or employment agreement with another lawyer that restricts the right of a lawyer to practice law after the termination of a relationship created by the agreement, except as a condition to payment of retirement benefits". In *Cohen v Lord, Day & Lord (supra,* at 96), the Court of Appeals ruled that a provision of a law firm partnership agreement which conditions payment of earned but uncollected partnership revenues upon the withdrawing partner's refraining from practicing law in competition with the former law firm constitutes an unenforceable restraint on the practice of law in violation of Code of Professional Responsibility DR 2-108 (A) (22 NYCRR 1200.13 [a]). We find that the provision of the controlling Partnership Agreement which delineates the circumstances under which the Special Departure Distribution was to be paid violates Code of Professional Responsibility DR 2-108 (A) (22 NYCRR 1200.13 [a]) because it effectively conditions payment of the earned but uncollected Special Distribution monies upon the plaintiff not practicing law. In this manner, the Partnership Agreement restricts the plaintiff's right to practice law by presenting a significant financial disincentive against competition with the defendant law firm (*see, Denburg v Parker Chapin Flattau & Klimpl,* 82 NY2d 375, 380; *Cohen v Lord, Day & Lord, supra,* at 98). Succinctly stated, the effect of the Partnership Agreement is that if the plaintiff wishes to continue practicing law after withdrawing from the firm, he must forfeit $600,000 in earned but uncollected partnership monies. Under the rule established in *Cohen v Lord, Day & Lord (supra),* such a provision is an unenforceable restraint on the practice of law.

Furthermore, reading the Partnership Agreement as a whole, it is apparent that the Special Departure Distribution is not a retirement benefit as that term is used in Code of Professional Responsibility DR 2-108 (A) (22 NYCRR 1200.13 [a]). As heretofore stated, the Special Distribution Amount constitutes an earned but uncollected sum owed to the Special Distributee during his or her tenure with the firm; it does not represent a future, anticipated distribution in contemplation of retirement (*see, Cohen v Lord, Day & Lord, supra,* at 101). Indeed, the Partnership Agreement specifically provides that the Special Distribution Amount was intended to be paid out to the Special Distributee during his or her tenure with the firm. Contrary to the firm's contention, the mere fact that a Special Distributee opts to leave the firm does not transform his or her interest into a retirement benefit. As noted by the Court of Appeals, "to treat departure compensation as a retirement benefit would invert the exception into the general rule [as enunciated in Code of Professional Responsibility DR 2-108 (A) (22 NYCRR 1200.13 [a])], thus significantly undermining the prohibition against restraints on lawyers practicing law" (*Cohen v Lord, Day & Lord, supra,* at 100).

Accordingly, since the record does not evince the existence of a triable issue with reference to the nature and effect of the subject provision of the controlling Partnership Agreement, we find that the Supreme Court properly awarded summary judgment to the plaintiff (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Balletta, J. P., Sullivan, Pizzuto and Joy, JJ., concur.